Patti **SCHMITZ**, Appellant,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES**, Appellee.

No. 89–1213.

Court of Appeals of Iowa.

Aug. 30, 1990.

**604**

Kevin G. Magee of Legal Services Corp. of Iowa, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ., but decided en banc.

SCHLEGEL, Presiding Judge.

Petitioner-appellant Patti Schmitz appeals a decision of the district court affirming a decision by the Iowa Department of Human Services (DHS) that Schmitz had been overpaid Aid to Dependent Children (ADC) benefits and ordering a reduction in benefits to recover the overpayment. Appellant argues that DHS's decision is not supported by substantial evidence because it is grounded in a record composed solely of hearsay evidence. We agree, and therefore, reverse and remand.

Appellant and her two children receive ADC benefits. The benefits are calculated by the number of household members and the potential that an adult resident living with the recipient would be able to contribute to household expenses, thereby lowering the necessity of ADC benefits. Appellant also was receiving aid for housing through the Eastern Iowa Regional Housing Authority (EIRHA) under much the same criteria. Appellant was required to certify to both agencies the number of persons in the household.

Sheldon Ness is the father of one of appellant's two children. The couple had an on-again off-again relationship. Appellant claims it has been mostly off since January 1985. Based on unsworn statements that she had lived with Ness and an anonymous letter indicating she had lived with Craig Rettenmaier, the father of appellant's other child, EIRHA twice investigated appellant's living arrangements. In 1985, EIRHA decided to continue benefits, but strongly warned appellant that it would discontinue benefits if it heard any further complaints about her. In 1987, EIRHA terminated assistance to appellant.

DHS learned of EIRHA's action and the allegation that Ness had lived with appellant through the administrative grapevine. It ordered appellant to appear and obtained information releases from her. DHS conducted an investigation into whether Ness had lived with appellant from January 1985 through October 1986 as alleged in the unsworn statement of appellant's former apartment manager, a felon convicted of attempting to burn a judge's house. Based on many of the same unsworn, anonymous, and self-interested statements that EIRHA had used, EIRHA's reports, and a memo from the assistant county attorney in charge of the child support recovery unit, DHS issued an order requiring appellant to pay back $1309 ADC benefits allegedly overpaid.

Appellant challenged the decision, maintaining that Ness had not been living with her during that time. An administrative hearing was conducted by telephone. Schmitz testified on her own behalf. Throughout the proceedings, appellant has contended that failed relationships and custody battles with her children's fathers motivated the reports and much of the evidence used against her. DHS presented no witnesses, but instead read into evidence its investigation and findings. The hearing officer concluded that Ness had been living with Schmitz during the disputed period. Appellant exhausted all administrative remedies and now appeals a decision of the

district court affirming DHS's findings and order.

Noting that DHS's decision rests solely on hearsay, appellant argues that the decision cannot stand because it is not supported by substantial evidence. Appellant also argues that the administrative law judge erred by failing to make specific findings regarding the respective parties' credibility.

This appeal results from a contested case state agency proceeding. *See* Iowa Code § 17A.2(2) (1989). In contested case proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7) (1989). The district court, when exercising the power of judicial review over agency action, is functioning in an appellate capacity to correct errors at law. Iowa Code· § 17A.19(8) (1989). *Kohorst v. Iowa State Commerce Comm'n,* 348 N.W.2d 619, 621 (Iowa 1984). Our review of the district court's decision is limited to correction of errors at law. *Roberts v. Iowa Dep't of Job Serv.,* 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence.

We considered the problem of relying solely on hearsay evidence recently in *Nieman v. Iowa Department of Transportation,* 452 N.W.2d 203 (Iowa App.1989). In that case, the arresting officer failed to appear at an administrative hearing challenging revocation of a driver's license. *Id.* at 204. The administrative law judge took notice of the officer's signed certification on a preprinted form stating that he had had reasonable grounds to believe that the driver had been operating a vehicle while intoxicated. *Id.* at 205.

We noted a split in authority as to whether the court should demand corroboration for hearsay or should simply require the hearsay to contain "sufficient probative force." *Id.* We reserved a choice between these competing lines of authority for another day, *id.* at 206, because we held that the hearsay relied upon did not have sufficient probative force to meet either test.

*Id.* In particular, we noted that the hearsay failed to show why the officer had reasonable grounds to believe the driver had operated his car while intoxicated. *Id.* We also felt that to rely on such evidence would be to allow peace officers to state conclusively that they had complied with statutory requirements. *Id.*

Initially, we must look to the Iowa Administrative Procedure Act (IAPA), Iowa Code chapter 17A, for guidance. The IAPA is designed, among other things, "to simplify government by assuring a uniform minimum procedure to which all agencies will be held in the conduct of their most important functions; ... to increase fairness of agencies in their conduct of contested case proceedings; and to simplify the process of judicial review of agency action as well as increase its ease and availability." Iowa Code § 17A.1 (1989).

Our review of contested case proceedings is regulated by statute. We may "not ... hear any further evidence with respect to those issues of fact whose determination was entrusted by Constitution or statute to the agency." *Id.* § 17A.19(7). The IAPA states, in pertinent part, that we may take appropriate action

if substantial rights of the petitioner have been prejudiced because the agency action is:

a. In violation of constitutional or statutory provisions;

.    .    .    .    .

e. Affected by other error of law;

f. In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

*Id.* § 17A.19(8).

In reaching its decision, an agency must base its findings "upon the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs," although that evidence need not be admissible in a jury trial.

*Id.* § 17A.14(1). The agency may use its "experience, technical competence, and specialized knowledge ... in the evaluation of the evidence." *Id.* § 17A.14(5).

Iowa courts have indicated, at least implicitly, that "substantial evidence" in contested case proceedings, in the words of section 17A.14(1), requires "the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs." *See McConnell v. Iowa Dep't of Job Serv.*, 327 N.W.2d 234, 236 (Iowa 1982) ("Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion."); *City of Davenport v. Public Employment Relations Bd.*, 264 N.W.2d 307, 311 (Iowa 1978) (same); *Grant v. Fritz*, 201 N.W.2d 188, 197 (Iowa 1972) ("evidence which, if true, has probative force upon the issues and from which the trier of fact can reasonably decide the case on the fact issues, or evidence favoring facts on which reasonable men may differ" (citations omitted)); *cf. Baty v. Binns*, 354 N.W.2d 777, 780 (Iowa 1984) ("Evidence is substantial for purposes of sustaining a finding by a trier of fact when a reasonable mind would accept it as adequate to reach a conclusion." (citing *Hawk v. Jim Hawk Chevrolet–Buick, Inc.*, 282 N.W.2d 84, 87 (Iowa 1979))); *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986) (same). This is much like the definition of substantial evidence used in the federal courts. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938) ("such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison*); *NLRB v. Remington Rand, Inc.*, 94 F.2d 862, 873 (2d Cir.) (Judge Hand noted hearsay may support a finding "if in the end the finding is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs."), *cert. denied*, 304 U.S. 576, 58 S.Ct. 1046, 82 L.Ed. 1540 (1938).

The question we seek to answer, therefore, is whether hearsay is "the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs," especially when the decision is supported solely by hearsay. As one commentator noted, "[E]ach of us constantly relies on hearsay evidence in making important decisions," and all aspects of commerce and government would come to a grinding halt without it. McCormick on Evidence § 353, at 1013 (E. Cleary 3d ed. 1984) [hereinafter McCormick]. Thus, it is well settled that there should be no blanket rule prohibiting agencies from considering hearsay evidence because the probative value and reliability of hearsay vary greatly. *See id.* § 352, at 1011 (quoting Davis, Hearsay in Administrative Hearings, 32 Geo.Wash.L.Rev. 689 (1964)). Indeed, hearsay rules are conspicuous by their absence from section 17A.14, which clearly allows otherwise inadmissible evidence. The weight which administrative tribunals and the courts should place on such evidence, however, is not clear.

One method of dealing with this problem is the so-called "residuum rule" announced in *Carroll v. Knickerbocker Ice Co.*, 218 N.Y. 435, 113 N.E. 507 (1916). The residuum rule required a residuum, that is, at least a scintilla, of "admissible" evidence to support or corroborate an administrative finding. 3 K. Davis, Administrative Law Treatise § 16.6, at 239 (2d ed. 1980). This approach, however has been discredited and virtually abandoned. *See Richardson v. Perales*, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1427–28, 28 L.Ed.2d 842 (1971); *300 Gramatan Ave. Assoc. v. State Div. of Human Rights*, 45 N.Y.2d 176, 179, 408 N.Y.S.2d 54, 56, 379 N.E.2d 1183, 1185 (1978); 3 K. Davis, *supra*, § 16.6; *see also* McCormick, *supra*, § 354, at 1017 ("The residuum rule is both logically unsound and administratively impractical."). If we reject a residuum rule, as we now do, it does not require us to accept administrative findings grounded in incompetent evidence, but merely to determine in light of the entire record whether an administrative finding is based on substantial and reliable evidence. *See* 3 K. Davis, *supra*, § 16.6, at 240; 3 *id.* § 16.7, at 247–48.

The treatment of this issue in the federal courts may be instructive. The case at bar is somewhat similar to *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In that case, the United States Supreme Court upheld denial of social security benefits supported in the record only by hearsay against the claimant's testimony. *Id.* at 402, 91 S.Ct. at 1427. In upholding the agency action, the Supreme Court overturned a court of appeals holding that the agency should have required corroboration of the hearsay. *Id.* at 398, 402, 91 S.Ct. at 1420, 1427. The agency action in *Richardson*, unlike this case, rested on impartial, consistent testimony by competent professionals who had made careful, detailed examinations of the situation. *See id.* at 402–06, 91 S.Ct. at 1427–30. Moreover, *Richardson* addressed certain federal constitutional objections to the evidence relied upon that are not before us.

This case also is similar to *McClees v. Sullivan*, 879 F.2d 451 (8th Cir.1989). In that case the Eighth Circuit ordered de novo review by the agency of the appellant's claim for social security disability benefits. The court interpreted *Richardson* as reaching its conclusion only upon finding several factors "to assure the reliability and probative value of the reports." *Id.* at 452; *see Richardson*, 402 U.S. at 402–06, 91 S.Ct. at 1427–30. Relying on *McKee v. United States*, 500 F.2d 525, 528, 205 Ct.Cl. 303 (1974), the court stated that "mere hearsay which lacks reliability is not substantial evidence to overcome sworn testimony of a claimant" and concluded that the anonymous report relied upon did not constitute substantial evidence. *McClees*, 879 F.2d at 453. The court ultimately held that "the use of [such a] report [was] not supported by integrity and fundamental fairness." *Id.*

This analysis leaves us essentially where we began—with the statutory requirement of reasonably reliable evidence that is in some way "substantial," in other words, a substantial evidence rule. Under the IAPA, because an agency fact-finder may consider hearsay, Iowa Code § 17A.14(1) (1989), we should ignore the character of the evidence as out-of-court statements and concentrate on the qualitative and quantitative sufficiency of the evidence offered. *See Gifford v. Iowa Mfg. Co.*, 243 Iowa 145, 170, 51 N.W.2d 119, 132 (1952) ("We are simply determining whether there is evidence sufficient in quality and quantity to sustain the [agency's] findings...."); *cf.* McCormick, *supra*, § 354, at 1016. To do otherwise would be to eviscerate the clear language of section 17A.14(1), allowing the agency fact-finder to base its findings on otherwise inadmissible evidence.

We note that this is much like our evaluation of granting or failing to grant a directed verdict. *See, e.g., Poulsen v. Russell*, 300 N.W.2d 289, 296 (Iowa 1981) (court must first determine whether substantial evidence submitted on each element so it may next determine whether reasonable fact-finder could find for plaintiff (citing *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976))); *Kilker v. Mulry*, 437 N.W.2d 1, 2–3 (Iowa App.1988) (appellate court seeks to determine whether reasonable minds could differ; party seeking to change status quo must present substantial evidence on each element; "evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion" (citing *Schuller v. Hy–Vee Food Stores, Inc.*, 407 N.W.2d 347, 349 (Iowa App.1987))). This seems particularly true when agency technical expertise is not necessary to reach a decision. *See City of Davenport v. Public Employment Relations Bd.*, 264 N.W.2d 307, 311 (Iowa 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). We should, therefore, determine whether the evidence presented is minimally sufficient to support an agency decision affecting substantial rights of a party.

■ If the record is composed solely of hearsay evidence, we must examine the evidence closely in light of the entire record. Again, we believe we must evaluate the quantity and quality of the evidence, *see Gifford v. Iowa Mfg. Co.*, 243 Iowa 145, 170, 51 N.W.2d 119, 132 (1952); *see also* McCormick § 354, at 1016, to see

whether it rises to necessary levels of trustworthiness, credibility, and accuracy required by a reasonably prudent person in the conduct of serious affairs. *See* Iowa Code § 17A.14(1) (1989). In making this evaluation, we will conduct a common sense evaluation of (1) the nature of the hearsay; (2) the availability of better evidence; (3) the cost of acquiring better information; (4) the need for precision; and (5) the administrative policy to be fulfilled. *See generally* McCormick § 353, at 1013–15. None of these criteria, however, should be dispositive, and in each case these criteria must be given appropriate weight.

■ We must be particularly wary of substituting our own judgment for that of the agency. As has been said many times, we will uphold the findings of fact even though we might draw a different inference from those facts. *See John Deere Dubuque Works of Deere & Co. v. Weyant*, 442 N.W.2d 101, 103 (Iowa 1989); *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). We continue to reserve the right to correct erroneous interpretations of law. *Henry*, 391 N.W.2d at 734.

We are not, by this holding, placing a new or different burden on the agency to seek out and present a great quantity of evidence, live or documentary. We are sensitive to the great cost in time and resources that such a demand would create. We seek, first and foremost, to ensure a minimum level of fairness to persons called before an administrative tribunal. *See* Iowa Code § 17A.1 (1989).

To achieve this minimum fairness, we must be sure that evidence relied upon contains some element of reliability in light of the whole record. This holding, however, should in no way restrict the introduction of hearsay evidence in administrative proceedings. It continues to be reversible error for a tribunal to refuse to admit evidence allowed by statute. *See* Iowa Code § 17A.19(8)(e) (1989); *see also Anderson v. Iowa Dep't of Human Serv.*, 368 N.W.2d 104, 107 (Iowa 1985). "Reversal and remand to the agency for a fact-finding anew under the correct legal principles would be required." *Anderson*, 368 N.W.2d at 107 (citing *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 192–93 (Iowa 1980)).

■ Turning, then, to the case at bar, we hold that the evidence relied upon by DHS in ordering appellant to pay back ADC benefits was not substantial. In general, that hearsay evidence was conflicting, self-interested, and often conclusory. Even the EIRHA decisions, which probably constitute the most reliable evidence introduced by DHS, are conclusory, do not present an adequate statement of the facts relied upon, and contain a veiled threat that appellant would not be given a benefit of a doubt twice.

DHS also relied on a memo from the child support recovery unit. We find it has no evidentiary value whatsoever. It merely restates Ness's contention in another court action about the alleged living arrangements.

Ness's statements must be highly suspect because he had initiated an action for custody of the couple's child. He clearly lacks the type of credibility and trustworthiness necessary. Given this, the critical importance of Ness's testimony, and the near absence of it, Ness's statements could not possibly constitute substantial evidence. We note that requiring Ness to submit to examination, as it appears he did for the EIRHA hearings, for which there is no detailed account, might have presented better evidence and would not have burdened DHS unduly.

DHS also offered the unsworn statements of a neighbor and a convicted felon. These, too, fail to constitute substantial evidence. Both appear to be gratuitous and conclusory. They lack the kind of accuracy and trustworthiness, and in the case of the felon, the kind of credibility necessary.

We note the importance of precise, accurate information in cases where administrative agencies seek to deny, recover, or reduce benefits to individuals who desperately need them. We recognize DHS's mis-

sion to provide benefits quickly to persons in need and at the lowest cost to the taxpayers. It is often costly, time consuming, and difficult to piece together the truth in these cases. But given the importance of the effect of its decision on the recipient, this possible cost should not be used to deny fundamental fairness to the very persons we seek to help.

Having found no substantial evidence of record to support the decision of DHS to require appellant to pay back ADC benefits, we vacate the decision of the district court and reverse the final decision of DHS. We remand to the agency for proceedings consistent with this opinion.

REVERSED AND REMANDED.

All judges concur except DONIELSON and HABHAB, JJ., who dissent.

DONIELSON, Judge (dissenting).

I respectfully dissent.

A court's role on judicial review of administrative proceedings is closely and strictly circumscribed. Public interest demands that judicial hands must be kept off administrative judgment calls. The district court's role, and our own, is limited by Iowa Code section 17A.19 (1987).

\*    \*    \*    \*    \*    \*

In order to succeed in challenging agency action the petitioner must demonstrate prejudice to substantial rights and the prejudice must arise from agency action which falls within one or more grounds enumerated in section 17A.19(8). [ ] We must affirm the agency on its finding of facts unless the findings are unsupported by substantial evidence. [ ] *Morrison v. Century Engineering*, 434 N.W.2d 874, 876 (Iowa 1989) (citations omitted). "Substantial evidence," as the majority points out, is evidence a reasonable mind would accept as adequate to reach a conclusion. DHS, and the district court, determined the evidence presented at appellant's agency hearing was adequate to reach the hearing officer's conclusion that the appellant received excessive ADC payments. The majority now concludes the

finding was unsupported by substantial evidence.

I believe the majority, under the guise of weighing the substantiality of the evidence, has circumvented our very narrow role. In re-evaluating the reliability of evidence submitted and the credibility of the persons making those statements, the majority has substituted its judgment for that of the agency. This is in direct contradiction to its own statement, "we will uphold the findings of fact even though we might draw a different inference from those facts."

The majority purports not to be restricting the admissibility of hearsay in administrative proceedings. I seriously question this proposition. Furthermore, the majority is restricting the agency's ability to evaluate the weight to be given admitted evidence and is, consequently, exceeding this court's appropriate role in the review process.

HABHAB, J., joins this dissent.