# IN THE COURT OF APPEALS OF IOWA

No. 14-0089
Filed November 26, 2014

JOHN DOE,
      Petitioner-Appellant,

vs.

IOWA BOARD OF PHARMACY,
      Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


A pharmacist appeals from the district court's ruling affirming the Iowa

Board of Pharmacy's order that he undergo a mental and physical evaluation.

**AFFIRMED.**


Alfredo Parrish of Parrish Kruidenier Dunn Boles Gribble & Gentry LLP,

Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Meghan Gavin, Assistant

Attorney General, for appellee.


Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

John Doe appeals the district court's ruling affirming the Iowa Board of Pharmacy's order requiring him to undergo a comprehensive mental and physical evaluation. Doe contends that the Board's finding of probable cause to order the evaluations was not supported by substantial evidence in the record when viewed as whole. Because we find substantial evidence supports the Board's finding of probable cause, we affirm.

## I. Background Facts and Proceedings.

Doe is a licensed pharmacist with the Iowa Board of Pharmacy and has been since October 2010. At the time the investigation began, Doe was thirty-seven years old and working as a pharmacist for Hy-Vee Pharmacy. He lived at a hotel within walking distance to work. He sent his weekly paycheck to his mother and was, in turn, given an allowance.

On October 11, 2011, Doe was charged with operating while intoxicated, first offense. He pled guilty on January 6, 2012, and was sentenced to either serve a forty-eight hour jail sentence or complete a treatment program for addiction.

On January 27, 2012, Doe's supervisor contacted the Board. The supervisor had learned of Doe's conviction and wanted to know if Doe had self-reported, as was required. Doe had not done so. When questioned by the Board, Doe stated he thought he was not required to inform the Board of his conviction until he applied for renewal.

On February 9, 2012, Curt Gerhold, a compliance officer for the Board, started an investigation regarding Doe. As part of the investigation, Gerhold

talked to the supervisor, who reported that Doe had exhibited problems with short-term memory loss, personal hygiene, and wearing unclean clothing to work. The supervisor also provided a written report stating he had "noticed keotone smell on [Doe's] breath on many occasions, indicating heavy drinking the night before," and that "[t]here have been second hand reports of public intoxication on 2 occasions." The supervisor described the two second-hand reports: once, he received a phone call from a person at the local laundry mat, claiming that Doe was "too drunk to wash his clothes," and another time, he was told by an intern that the intern's friend, who worked for the local police, had twice approached Doe for possible public intoxication.

On June 7, 2012, the Board issued a confidential order for evaluation pursuant to Iowa Code section 272C.9(1) (2011).[1] The order required Doe to schedule an evaluation within ten days. The evaluation was to include an assessment of Doe's physical and mental condition, as well as his ability to safely practice pharmacy.

On July 6, 2012, Doe filed an objection to the confidential order for evaluation, claiming the Board did not have probable cause to order it.

A hearing was held before the Board on March 12, 2013. At the hearing, Doe submitted a substance abuse evaluation that had been completed by Victor Cowles, an assessment counselor. The report was based on an interview of

---

[1] In pertinent part, the section states:

> Each licensee of a licensing board, as a condition of licensure, is under a duty to submit to a physical, mental, or clinical competency examination when directed in writing by the board for cause. . . . The licensing board, upon probable cause, shall have the authority to order a physical, mental, or clinical competency examination. . . .

Doe, in which Doe reported he drinks alcohol one-to-two times per week, with two drinks per occasion. Cowles concluded there was a low probability Doe had a substance abuse disorder.

The Board issued a written ruling on April 26, 2013. In denying Doe's objection, it stated:

> Upon review of the entire record, the Board believes that it does have probable cause to require [Doe] to undergo a physical and mental examination. The board received a credible report from [Doe's] supervising pharmacist that [Doe] has reported to work on numerous occasions showing signs of heavy drinking the previous evening and has . . . problems with short term memory loss, personal hygiene, and soiled clothing at work. In addition, [Doe] has had a recent OWI conviction, and his employer has also received other reports that [Doe] has appeared intoxicated in public. This report from [Doe's] supervising pharmacy raises concerns about whether [Doe] may suffer from a physical or mental condition, which could affect his ability to safely practice pharmacy. The Board does not have to wait for the public to be harmed before requesting an evaluation.
>
> The substance abuse evaluation and report completed by Victor Cowles does not satisfy the requirement of the Board's Order. The Board had no prior notice of the evaluation, and the evaluator was not pre-approved by the Board. The evaluation was limited solely to the issue of substance abuse. The report does not address [Doe's] physical or mental health or his ability to safely practice pharmacy. In addition, the report primarily relies on information or responses volunteered by [Doe] that appears inconsistent with the report made by his supervising pharmacist.

On May 24, 2013, Doe filed a petition for judicial review of the Board's decision. Doe maintained substantial evidence did not support the Board's finding there was probable cause to order the evaluation.

On December 19, 2012, following a hearing on the matter, the district court issued a written ruling affirming the Board's order.

**II. Standard of Review.**

On appeal from judicial review, the standard we apply depends on the type of error allegedly committed. *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). Our standard of review depends on the aspect of the agency's decision that forms the basis of the petition for judicial review. Iowa Code § 17A.19(10). Here, Doe contends the Board's decision is not supported by substantial evidence in the record when the record is viewed as whole. *See id.* § 17A.19(10)(f).

**III. Discussion.**

Doe maintains the Board's determination there was probable cause to order him to undergo a comprehensive physical and mental evaluation is not supported by substantial evidence in the record when the record is viewed as a whole. *See id.* "Substantial evidence" is statutorily defined as:

> [T]he quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.

*Id.* § 17A.19(10)(f)(1). When reviewing a finding of fact for substantial evidence in the record as a whole, we judge the finding "in light of all the relevant evidence in the record cited by any party that detracts from that finding as well as all of the relevant evidence in the record cited by any party that supports it." *Id.* § 17A.19(10)(f)(3). "Our review of the record is 'fairly intensive,' and we do not simply rubber stamp the agency finding of fact." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) (quoting *Wal–Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003)). "We do not, however, engage in

a scrutinizing analysis, for if we trench in the lightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012). "Evidence is substantial if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference." *Id.*

Doe maintains that substantial evidence does not support the Board's finding of probable cause. Specifically, he maintains the Board rejected the "strongest evidence"—the expert evaluation Doe provided—and instead relied on evidence contained in reports based on hearsay. All parties agree that "probable cause" in the administrative context is the same as in the criminal context. Namely, that the Board had to have a "reasonable ground for belief" that Doe had an impairment. *See Eaton v. Iowa Emp't Appeal Bd.*, 602 N.W.2d 553, 557 (Iowa 1999). Iowa Administrative Code rule 657-30.1 defines impairment as "the inability of a pharmacy professional to practice pharmacy . . . with reasonable safety and skill as a result of alcohol or drug abuse, dependency, or addiction, or any neuropsychological or physical disorder or disability."

The Board received evidence from Doe's supervisor that, "on many occasions," Doe showed up to work exhibiting signs of heavy-drinking the night before. The Board also received "second hand" reports involving Doe appearing intoxicated in public, as well as his conviction for operating while intoxicated. The Board specifically found this evidence to be more credible than the report by the evaluator, which was based on the statements of John Doe.

"It is within the province of the industrial commissioner to determine the credibility of the witnesses." *E.N.T. Assocs. v. Collentine*, 525 N.W.2d 827, 830 (Iowa 1994). It is not the role of the court to reassess the evidence or make its own determination of the weight to be given the various pieces of evidence. *Burns v. Bd. of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993). Additionally, "hearsay evidence is admissible and may constitute substantial evidence for the [Board's] decision." *Clark v. Iowa Dep't of Revenue & Fin.*, 644 N.W.2d 310, 320 (Iowa 2002). As we have noted, it was the lack of facts provided to Doe's substance abuse assessment counselor that affected the report's credibility according to the Board, not the qualifications of the counselor. The Board is not required to accept expert testimony when the factual basis for those opinions is incomplete or inaccurate. *See Cedar Rapids*, 807 N.W.2d at 845. Moreover, the hearsay evidence rises to the level to be relied upon by a reasonable prudent person in the conduct of serious affairs in view of the record as a whole.[2]

Upon review, we find there is substantial evidence in the record when viewing the record as a whole to support the Board's finding of probable cause that Doe suffers from substance addiction that precludes him from safely practicing pharmacy. Thus, we affirm the Board's order requiring Doe to undergo comprehensive mental and physical evaluation.

**AFFIRMED.**

---

[2] Doe contends that the hearsay evidence must viewed by the heightened standard articulated in *Schmitz v. Iowa Department of Human Services*, 461 N.W.2d 603 (Iowa Ct. App. 1990). The Board contends this issue was not preserved. If preserved, our close examination of the evidence and consideration of the factors set forth in *Schmitz* does not detract from our conclusion that substantial evidence supports the Board's decision.