# IN THE COURT OF APPEALS OF IOWA

No. 18-0792
Filed January 23, 2019

**D.E.,**
    Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Petitioner seeks judicial review of a decision of the Iowa Department of Human Services finding he committed child abuse and placing him on the central registry. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

D.E. seeks judicial review of a decision of the Iowa Department of Human Services (DHS) finding he committed child abuse and placing him on the central registry. *See* Iowa Code § 232.71D(2) (2015). On August 17, 2016, DHS issued its final decision finding D.E. had abused E.B. and placing D.E. on the central registry. D.E. sought judicial review, and the district court affirmed the agency on April 8, 2018. D.E. now appeals to us.

Our review of an agency action is controlled by Iowa Code chapter 17A. D.E. asserts the agency's decision is not supported by substantial evidence, which is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." *Id.* § 17A.19(10)(f)(1).

In affirming the agency, the district court addressed D.E.'s substantial evidence arguments:

> While Petitioner has challenged the quantity and quality of evidence considered by the agency, the Court concludes that the evidence the agency considered is, in fact, substantial evidence supporting the determination that Petitioner should be placed on the confidential child abuse registry. The [child protection center] interview with E.B., on its face, is such substantial evidence. There may have been inconsistencies in E.B.'s statements regarding some of the incidents of abuse; E.B. may not have made specific statements regarding . . . how her catheter affected her interactions with Petitioner; and E.B.'s statements regarding her period may have been confusing, but E.B. was consistent with regard to her statements that Petitioner touched her private parts and engaged in sexual activities with her.

We agree with the thorough and well-reasoned opinion of the district court. The agency's conclusion is not so heavily reliant on hearsay that we need consider

whether the hearsay was sufficiently trustworthy and reliable. *See Schmitz v. Iowa Dep't of Human Servs.*, 461 N.W.2d 603, 607–08 (Iowa Ct. App. 1990). Although D.E. is critical of the quality and quantity of evidence supporting the allegations, "whether one piece of evidence is 'qualitatively weaker' than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). The agency found E.B. credible in her interview, and we therefore agree there was substantial evidence to support the agency's determination. *See id.* We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

**AFFIRMED.**