**Joann ONSTEAD, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 91–3401.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided April 23, 1992.

Anthony W. Bartels, Jonesboro, Ark., argued, for appellant.

Martin W. Long, Dallas, Tex., argued (Charles A. Banks, Gayla Fuller and Martin W. Long, on the brief) for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and LONGSTAFF,* District Judge.

WOLLMAN, Circuit Judge.

Joann Onstead appeals from the district court's [1] order affirming the Secretary of Health and Human Services' denial of disability benefits. We affirm.

## I.

Onstead filed her current application for disability insurance benefits in 1985. She alleged disability from 1974 to September 30, 1979, the last date on which she was insured for disability benefits. She based her claim for benefits on residual health problems stemming from an ankle injury. At the time she filed her claim, Onstead was forty-one years old, with relevant work experience as an assembler and sander.

Onstead received an administrative hearing, her application was denied, and the denial of benefits was affirmed by the Appeals Council. Onstead then sought judicial review of the Secretary's final decision. The district court remanded the case for further administrative findings and an additional hearing, and the Secretary again denied disability benefits. The district court granted summary judgment in favor of the Secretary, affirming the denial of benefits. The court concluded that the Secretary's decision, which found that Onstead was not disabled prior September 30, 1979 and thus is not entitled to benefits for that time, is supported by substantial evidence.

The administrative law judge (ALJ) made the following factual determinations. Onstead has not engaged in any substantial gainful activity since 1974. Prior to September 30, 1979, Onstead had severe high blood pressure, arthritis, exogenous obesity, and problems stemming from past fractures of her right leg and ankle. The ALJ found Onstead's subjective complaints of severe pain and discomfort to be not credible.

Based on these findings, the ALJ determined that prior to September 30, 1979, Onstead did not suffer from an impairment or combination of impairments which equalled a listed disability, that Onstead retained the functional capacity to perform the full range of light work, and that Onstead was not disabled.

On appeal, Onstead contends that the Secretary's conclusion that she was not disabled prior to September 30, 1979 is not supported by substantial evidence. Specifically, Onstead challenges both the ALJ's determination that she retained the residual functional capacity to perform the full range of light work and the ALJ's findings in regard to her subjective complaints.

## II.

We will uphold the Secretary's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion," *Whitehouse v. Sullivan*, 949 F.2d 1005, 1007 (8th Cir.1991) (citation omitted), and "[w]e may not reverse 'merely because substantial evidence would have supported an opposite decision.'" *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

Onstead first challenges the ALJ's decision that prior to 1979 she retained the residual capacity to perform the full range of light work.

Onstead claims that she sustained a disabling ankle injury in 1972. She was seen

* The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

by Dr. Floyd Smith in July and August of 1977, and complained to him that her ankle caused her pain in the mornings. Dr. Smith found that there was "no reason why [Onstead] could not be actively employed and consequently self-sustaining." Onstead sought no medical treatment whatsoever from 1980 through 1985.

In 1985, Onstead consulted Dr. Ramon Lopez. After one visit, Dr. Lopez concluded that prior to 1979 Onstead was unable to perform the type of factory work she had performed in 1974. He also concluded that Onstead was "at least partially disabled prior to 1979." In 1986, Onstead sought treatment from Dr. John Ashley. After one visit, Dr. Ashley concluded that Onstead had been disabled since 1972.

■ We note that a treating physician's opinion should be accorded substantial weight. *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir.1990). A consulting physician's opinion as to a patient he has seen only once, in contrast, " 'does not constitute 'substantial evidence' ..., especially when contradicted by the evaluation of the claimant's treating physician.' " *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir. 1985) (citation omitted).

■ Mindful of these directives, we conclude that the Secretary's decision is supported by substantial evidence. First, in 1977, Dr. Smith opined that there was no reason why Onstead could not be actively employed and self-sustaining. His opinion must be accorded substantial weight, as it was given during the relevant time period and as he was Onstead's treating physician. *Prince*, 894 F.2d at 285. Second, we must discount the opinions of the two physicians Onstead consulted six years or more after the expiration of her insured status. Third, after the expiration of her insured status, but before she saw Dr. Lopez, there was at least a five year period in which Onstead sought no medical treatment for the disability she now contends is severe. Fourth, the ALJ found, and we agree, that nothing in the reports of Drs. Lopez and Ashley is inconsistent with the ALJ's finding that Onstead retained the residual functional capacity for a full range of light work.

Finally, the ALJ determined that Onstead's daily activities prior to 1979 were consistent with his finding that Onstead retained the residual functional capacity for a full range of light work. Onstead cared for her totally disabled husband, helping him to maintain personal hygiene and to undergo his renal dialyses. During this time she also engaged in such activities as light housekeeping, cooking, watching television, and reading. In the light of these facts, we conclude that there is substantial evidence to support the secretary's decision.

■ Next, Onstead challenges the ALJ's finding that her subjective complaints of disabling pain were not credible.

In addition to the activities mentioned above, Onstead babysat for her grandchildren, maintained a large garden, went fishing, went grocery shopping, and played cards. During the relevant period Onstead underwent no significant medical treatment and was taking no prescription medication. Moreover, the medical records during the period for which Onstead claims disability do not reflect complaints of pain of the intensity and degree she later reported to the consulting physicians. From 1980 to 1985, Onstead failed to seek any medical attention. Onstead herself stated that she only sought medical attention when she needed it.

The ALJ determined that Onstead's activities, her lack of medication or medical treatment, and the fact that she did not seek medical attention for a five year period were inconsistent with her claims of a severe disability. *See Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir.1987) (failure to seek medical attention inconsistent with complaints of pain). The evaluation of subjective complaints of pain is for the Secretary, not the court. *Benskin*, 830 F.2d at 882. Based on the evidence of record, we believe that the ALJ properly discredited Onstead's subjective allegations. *See Prince*, 894 F.2d at 286 (ALJ may discredit subjective complaints of pain if inconsistent with the record as a whole).

Based on the foregoing, we believe there is substantial evidence in the record to support the Secretary's denial of disability benefits for the time prior to September 30, 1979.

Onstead's remaining contention is rejected as without merit.

The order affirming the Secretary's denial of disability benefits is affirmed.