**David O. WALKER, Appellant,**

v.

**Donna E. SHALALA,\* Secretary of Health and Human Services, Appellee.**

No. 92–3162.

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1993.

Decided May 13, 1993.

Anthony William Bartels, Jonesboro, AR, argued, for appellant.

Pamela M. Wood, Dallas, TX, argued, for appellee.

\* Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D. as appellee in this action pursuant to Fed.R.App.P. 43(c).

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and STOHR,** District Judge.

STOHR, District Judge.

David O. Walker appeals from an order of the magistrate judge[1] granting summary judgment in favor of the Secretary of Health and Human Services ("the Secretary"). Walker argues on appeal that the magistrate judge erred in granting the Secretary's motion and that the Secretary's decision denying his claim for social security disability insurance benefits and supplemental security income benefits was not supported by substantial evidence on the record as a whole. We affirm.

We will not reverse a denial of disability benefits if the Secretary's decision is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Murphy v. Sullivan,* 953 F.2d 383, 384 (8th Cir.1992). The primary basis of appellant's disability claim is back problems and pain therefrom. The following evidence was adduced at the hearing before the administrative law judge ("ALJ") on January 9, 1991. Appellant is 62 years old, 5'10" tall and weighs 185 pounds. He last worked in April of 1985, as a ranch laborer. Prior to that he had done light work making picture frames, in a hammermill and as a self-employed saw sharpener. Appellant described constant but variable pain in his back and neck, worse standing than sitting. He takes two to three aspirin three or four times a day. Appellant reported that he is able to wash a few dishes, cook breakfast, and make coffee, but that sometimes during these activities the pain becomes sufficiently severe that he has to lie down. Appellant does not do any housecleaning or yard work, but can carry a little wood in for heat. Appellant testified that he spends most of the day reading. He is able to drive up to approximately 45 miles, and regularly drives a distance of 20 miles. Appellant's wife and a neighbor testified generally that appellant is in constant pain.

The medical evidence indicates appellant has some degenerative joint disease of the cervical spine. Appellant's regular treating practitioner is a chiropractor whom he sees about once a month; the chiropractor's one report indicates that appellant experiences back pain, that his problem "is getting progressively worse," and that appellant receives "regular spinal adjustments ... for relief of symptoms not for correction." The record contains little in the way of doctor's reports. An M.D.'s report dated May 11, 1990 indicates that appellant does not have any significant loss of motion of any joint "except some back LOM," than he can stand intermittently every two hours, that he has no neurological defects, and that he "has spasm present but it is variable day to day." The same doctor's handwritten notes indicate that in March, 1990, after examining appellant, he warned appellant that he was unlikely to be successful in obtaining a determination of disability.

The ALJ denied benefits on the basis of his conclusion that appellant's impairment did not prevent him from engaging in light work (no lifting or carrying in excess of 20 pounds) such as he had performed in the past. The ALJ discredited appellant's subjective complaints of pain based on: (1) a lack of medical evidence supporting the complaints, (2) appellant's failure to seek continued medical treatment for his condition, (3) the fact that appellant controls his symptoms with only aspirin and has not sought stronger prescription pain medication, and (4) appellant's activities, such as cooking, washing dishes, and driving. We hold that there exists substantial evidence to support the ALJ's conclusion that appellant did not meet his burden of demonstrating that his impairment prevented him from performing his past relevant work. In particular, we conclude that the ALJ properly examined Walker's subjective complaints of pain under *Polaski v. Heckler,* 751 F.2d 943 (8th Cir.1984), and discredited them as inconsistent with the

** The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

lack of medical evidence generally[2] and with the limited treatment appellant has sought for his problem (no ongoing medical treatment, no prescription pain medication).

Although the appellant's brief enumerates the existence of substantial support for the Secretary's decision as the sole issue on appeal, several other arguments are raised in the parties' briefs. First, appellant argues that even assuming he retains the capacity to do a full range of light work, he should have been found disabled based on Rule 202.06 of the Secretary's Medical Vocational Guidelines, which provides that a claimant who is "of advanced age" (i.e., older than 55 years of age), is limited to light work, and has a high school education but no transferable skills should be found disabled. The guidelines are potentially applicable, however, only at the stage of the analysis at which claimant has satisfied his burden of demonstrating that his impairment prevents his performance of his past relevant work and the burden then shifts to the Secretary to show that the claimant retains the residual functional capacity to perform other work. *See, e.g., Robinson v. Sullivan,* 956 F.2d 836, 841 (8th Cir.1992); *Edwards v. Secretary of Health and Human Services,* 809 F.2d 506, 507 (8th Cir.1987); *McCoy v. Schweiker,* 683 F.2d 1138, 1142 (8th Cir.1982). Because the basis for the denial of benefits here is Walker's failure to meet his antecedent burden, his argument is unavailing.

Second, appellee raises the question whether appellant is impermissibly attempting to supplement the record with medical evidence that was not before the Social Security Administration. In the district court, appellant filed two "motions for remand or for consideration of additional medical evidence," which apparently were not ruled on by the magistrate judge. These motions sought consideration of the reports of an additional M.D. and an additional chiropractor concerning appellant's condition. The appellee argues that the chiropractor's report is not entitled to substantial weight, that the M.D.'s report is dated after the relevant time period for appellant's disability determination and that both are submitted for the first time after the Secretary's final decision was rendered. Appellant's brief does not request remand for further administrative proceedings based on this evidence, but does rely in part on these two reports.

Even if this evidence is considered, we would affirm the denial of benefits. The M.D.'s conclusion—that appellant is unable "to do work activities that require prolonged standing, walking, lifting over 20 pounds, pushing, pulling, climbing or crawling"—is not inconsistent with the ALJ's finding that appellant was capable of light work. The chiropractor's report lacks detail, and in essence states only that appellant experiences severe pain and has returned for treatment "each time he works." This additional information would not undermine the Court's conclusion that substantial evidence in the record supports the Secretary's decision.

Accordingly, we affirm.

---

**2.** As both parties note, the Secretary does not acknowledge chiropractors as "acceptable medical sources," 20 C.F.R. § 404.1513, and their opinions are therefore accorded less weight than those of medical doctors.