James McCLEES, Appellant,

v.

Donna E. SHALALA,[1] Secretary
of Health and Human
Services, Appellee.

No. 92–1382.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1992.

Decided Aug. 23, 1993.

Marti D. Nerenstone, Council Bluffs, IA, argued for appellant.

Janet Braggs, Kansas City, MO, argued for appellee.

Before RICHARD S. ARNOLD and LOKEN Circuit Judges, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

James McClees appeals from an order of the district court,[2] affirming the Secretary's decision to deny him Social Security Disability Benefits under Title II of the Social Security Act. 42 U.S.C. § 401, *et seq.* McClees argues that the district court erred in affirm-

---

1. Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)(1).
* The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

2. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

ing the Secretary, based upon his assertion that the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence on the record as a whole. We affirm.

This is McClees's second appeal to this Court. In *McClees v. Sullivan,* 879 F.2d 451 (8th Cir.1989) (*McClees I* ), we reversed the Secretary's decision denying appellant Supplemental Security Income and Social Security disability benefits, but we did not direct judgment in favor of McClees. Instead, we remanded for a *de novo* administrative hearing because the ALJ improperly considered a report which was tainted by unreliable hearsay in discrediting McClees's subjective complaints of pain and functional limitations. *Id.* at 454.

On remand, the ALJ awarded Title XVI disability benefits, retroactive to September 27, 1985, the date of appellant's original application. The ALJ, however, denied appellant's application for Title II benefits, finding that appellant was not under a "disability" at anytime when he met the earnings requirement.[3] McClees filed an appeal in federal district court. By order, dated December 17, 1991, the judge affirmed the Secretary's denial of benefits. Appellant seeks review of the denial of Title II benefits.

Because the appellant's medical history is set forth in detail in our previous opinion, *see McClees I, supra* at 451, we turn directly to a review of the Secretary's decision on remand. Our task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole. *Onstead v. Sullivan,* 962 F.2d 803, 804 (8th Cir.1992). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion." *Id.* (quoting *Whitehouse v. Sullivan,* 949 F.2d 1005, 1007 (8th Cir.1991)).

■ The claimant bears the burden of proving a medically determinable impairment or impairments which prevented him from performing his past relevant work. *Pickner v. Sullivan,* 985 F.2d 401, 403 (8th Cir.1993);

42 U.S.C. § 423(d)(1). In this case, the Secretary concluded that appellant was not disabled because he was able to perform his past relevant work as a barber. Appellant contends that the ALJ improperly applied the *Polaski* factors in rejecting appellant's subjective complaints of pain and functional restrictions. In *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984), this Court held that a lack of objective medical evidence to support the claimant's subjective complaints is only one factor to be considered in evaluating the claimant's testimony. In addition,

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional restrictions.

*Id.* at 1322. Appellant contends that the ALJ erred in rejecting his subjective complaints of pain. In his view, the ALJ improperly relied upon isolated statements from the medical evidence to discredit his testimony. We find that the Secretary's decision—that McClees is able to perform his past relevant work as a barber—is supported by substantial evidence.

The ALJ evaluated the limited medical evidence and appellant's subjective complaints. Using this information, the ALJ concluded that appellant's allegations regarding his inability to work prior to June 30, 1980, were not credible. The ALJ noted that the only pertinent medical evidence relating to the appellant's medical condition before June 30, 1980, was a discharge summary from the University of Nebraska Medical Center. This summary showed that the appellant had been treated for a skinned elbow. The report then noted the appellant's severe scoliosis and chest deformity, but indicated that McClees had been "fairly asymptomat-

---

**3.** To qualify for insured status, an individual is required to have 20 quarters of coverage in the 40-quarter period ending with the first quarter of disability. 42 U.S.C. §§ 416(i)(3)(B) and 423(c)(1)(B). Appellant last met this requirement on June 30, 1980.

ic." The report indicated that upon physical examination, McClees's extremities revealed good strength and no evidence of motor dysfunction, muscle atrophy, muscle spasm, abnormal reflex changes, or sensory deficits.

The ALJ noted the inconsistency between this objective medical evidence and the appellant's testimony that he was in pain at that time. The ALJ noted a similar inconsistency between appellant's subjective complaints of intractable pain, and a medical report dated November 22, 1980. The appellant had been treated for a broken knee and, when the treating physician noted his chest deformity, McClees reported that he had been having "no problems with it."

■ The ALJ also noted the contrast between the appellant's failure to seek medical treatment or therapy, and his claims of intractable low back pain and shortness of breath. The ALJ properly considered claimant's failure to seek treatment in discrediting McClees's subjective complaints of pain. *Walker v. Shalala*, 993 F.2d 630, 631 (8th Cir.1993); *Tsarelka v. Secretary of HHS*, 842 F.2d 529, 534 (1st Cir.1988). Appellant's failure to seek treatment, in conjunction with the 1976 and 1980 medical evidence indicating that McClees reported no negative symptoms or pain as a result of his condition, supports the ALJ's credibility determination. If there is inconsistency in the evidence as a whole, the ALJ may disbelieve the subjective complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir.1989).

The appellant has also raised several additional arguments, which we consider briefly. He contends that the ALJ improperly considered his prior work record, his failure to use prescription pain medication, and the record of his daily activities. This complaint is misplaced. *Polaski* supports, indeed compels, consideration of these factors. The ALJ found McClees's work record "spotty" prior to his alleged onset date of disability. (Jt.App. at 7.) Appellant's failure to seek treatment and failure to use prescription medication, in light of his severe complaints of pain, is also a permissible basis to discredit his testimony. *Walker*, 993 F.2d at 631; *Onstead*, 962 F.2d at 805.

■ The ALJ also noted the significant difference between the appellant's account of his daily activities given at the first hearing in 1987, and the recitation given at the hearing in 1990. In 1987, appellant testified that in 1979 he could walk two blocks to a coffee shop, drink coffee for 10 or 15 minutes, then walk home. He also stated that he did the cooking, housework, and laundry in 10 to 15 minute increments. He stated that he could stand for up to two hours and sit for an hour at a time. In 1990, the appellant testified that he was limited to fixing breakfast and occasionally helping with dinner, driving his wife to and from work, reading, watching television, and lying down. He stated that he could stand for no more than an hour, and sit for no more than 30 minutes. We conclude that the ALJ's decision to discredit McClees's subjective complaints of pain and functional restrictions under *Polaski* is supported by substantial evidence.

Finally, the appellant makes much of the ALJ's allusion to Exhibit # 23. The argument is hollow. We determined that this document constituted unreliable hearsay in *McClees I*. On remand, the ALJ stated that he gave "no consideration whatsoever to the offending document in the determination of the issues in this decision." (Jt.App. at 2). Appellant has provided no reason to consider the ALJ's statement as anything other than an acknowledgment of our prior decision and his compliance with our direction. The ALJ's statement is wholly proper. We have no basis—and the appellant has provided none—to disbelieve the ALJ in this regard. Accordingly, we affirm.