12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Loui MANUEL, Plaintiff Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Service,
Defendant Appellee.
 No. 93-1821.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1993.
Filed: December 3, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge
 PER CURIAM.
 
 
 1
 Loui Manuel appeals the district court's[1] entry of summary judgment in favor of the Secretary of Health and Human Services ("Secretary") on Manuel's claim for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. Sec. 405(g). We affirm.
 
 I. BACKGROUND
 
 2
 Loui Manuel worked for twenty-one years as a coil assembly machine operator. Manuel's job entailed loading cups into machines that would fill the cups with wire. She unloaded the full cups (weighing less than ten pounds each), secured the wire, and put them on a rack above her head. Manuel then reloaded the machines with empty cups. When a machine exhausted its wire supply, Manuel pushed over a large spool of wire (weighing up to one hundred pounds) and hooked it up to the machine.
 
 
 3
 In December 1989 Manuel quit her job, claiming that pain and the side effects of her medication prevented her from working. She had experienced several years of back problems due to the residual effects of a ruptured disc. Manuel applied for disability insurance benefits and supplemental security income in May 1988, November 1989, and August 1990. Her third application is the subject of this appeal.[2] After the Social Security Administration denied her application, she obtained a hearing before an administrative law judge ("ALJ"). Manuel, who was forty-four years old at the time of the hearing, complained of pain in her neck and arms, the inability to turn her head, dizziness, drowsiness, and stomach irritation. Using the five-step sequential evaluation process established by the Secretary, 20 C.F.R. Secs. 404.1520 and 416.920 (1991), the ALJ determined Manuel had sufficient residual functional capacity, despite her impairments, to perform her past relevant work and denied her application. Manuel claims the ALJ discounted her subjective complaints of pain and erroneously determined she had the ability to perform her past work.
 
 II. DISCUSSION
 
 4
 Judicial review of the denial of social security benefits is limited to determine whether substantial evidence supports the Secretary's decision. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Substantial evidence is defined as what a reasonable mind would accept as adequate. Id. We will not reverse a decision simply because substantial evidence may support the opposite conclusion. Id.
 
 A. Subjective Complaints of Pain
 
 5
 Manuel challenges the ALJ's finding that her subjective complaints of pain were not credible and urges that the ALJ failed to consider her long work record in assessing her credibility. An ALJ may discredit a claimant's complaints of pain if they are inconsistent with the record as a whole. Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted). After reviewing Manuel's medical records, the ALJ concluded her allegations of pain were not corroborated by the objective medical evidence. In fact, one physician speculated that Manuel's decreased range of motion might be due to her "poor effort." Although Manuel had an impressive twenty-one year work record, this is only one of the factors that an ALJ considers in evaluating a claimant's subjective complaints of pain. See Polaski, 751 F.2d at 948 (consideration is given to such matters as a claimant's prior work record; daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and functional restrictions). Manuel received limited medical treatment since December 1989, continued to perform daily activities including light housework, cooking, and some driving, and complained about minor side effects of her medication.[3] Substantial evidence supports the Secretary's decision.
 
 B. Residual Functional Capacity
 
 6
 Dr. Tonymon, a neurosurgeon, removed a herniated disc from Manuel's back in August 1988 and performed post-operative care until September 1989. In Dr. Tonymon's opinion, Manuel was able to stand for two to four hours and walk for two to four hours. Dr. Tonymon recommended that Manuel not carry anything over thirty pound; however, he characterize her ability to handle objects as unimpaired. After Manuel filed her benefits claim, she consulted two orthopedic physicians, Dr. Lopez and Dr. Dawoud. Dr. Lopez stated that she should not stand, walk, turn, lift, or carry for prolonged periods of time. Dr. Dawoud restricted Manuel from heavy manual labor and heavy lifting. Both orthopedists concluded that she should not engage in activity that involved reaching above her head. The ALJ found that Dr. Tonymon's opinion was entitled to significant weight and concluded that Dr. Tonymon's recommendations were consistent with the requirements of Manuel's work on the coil assembly line.
 
 
 7
 Manuel argues that the ALJ's findings are unsupported by the overwhelming weight of the medical evidence. In determining whether a claimant is able to perform her previous work, the ALJ reviews a claimant's "residual functional capacity and the physical and mental demands of the work [she has] done in the past." 20 C.F.R. Sec. 404.1520(e) (1991). The opinion of a treating physician, as opposed to a consulting physician, should be given substantial weight. Onstead, 962 F.2d at 805. The ALJ properly relied on the medical opinion of Dr. Tonymon, Manuel's attending neurosurgeon. There is substantial evidence that Manuel had the residual capacity to perform her past relevant work.
 
 III. CONCLUSION
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John J. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 The record does not detail the outcomes of her two previous applications
 
 
 [3]
 Manuel's complaints about the side effects of her medication were inconsistent. The only side effect she included on her benefits application was stomach irritation. At the hearing, she testified that she could not work because she was "too drugged up," and she felt dizzy and drowsy