19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert L. TATE, Plaintiff Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant Appellee.
 No. 93-3443.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1994.
Filed: March 24, 1994.
 
 Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Tate appeals the district court's[1] entry of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). For reversal, Tate argues the Secretary's decision denying him social security and disability benefits is not supported by substantial evidence in the record. We affirm.
 
 I. BACKGROUND
 
 2
 Tate, who was thirty-three years old at the time of the administrative hearing, is a high school graduate with three years of college. His employment history includes working as a truck driver, security guard, and factory laborer. Tate's factory job entailed rebuilding water-pumps; while operating a foot pedal that caused the water-pump to be held in place, he took a screw driver and pried off the seals. Tate claims he is unable to work because of seizures and nervousness. Using the five-step sequential evaluation process established by the Secretary, 20 C.F.R. Secs. 404.1520 and 416.920 (1991), the administrative law judge ("ALJ") determined Tate had sufficient residual functional capacity, despite his impairments, to perform his past relevant work. Tate claims the ALJ erroneously determined that he had the ability to perform his past work.
 
 II. DISCUSSION
 
 3
 Judicial review of the denial of social security benefits is limited to determine whether substantial evidence in the record as a whole supports the Secretary's decision. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). We will not reverse a decision simply because substantial evidence may support the opposite conclusion. Id. A claimant bears the burden of proving that an impairment prevents him from performing his past relevant work. McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993).
 
 
 4
 The ALJ determined Tate's seizure disorder limited him to light and sedentary work not requiring exposure to hazardous situation (such as unprotected heights, dangerous machinery, moving vehicles, or use of firearms). In addition, Tate's combination of mental impairments prevented him from performing skilled or complex work. The ALJ concluded that Tate's past relevant work as a factory laborer was not precluded by these limitations.
 
 
 5
 In reaching the decision that Tate had the ability to perform his past relevant work, the ALJ found Tate's subject complaints were not entirely credible. An ALJ may discredit a claimant's subjective complaints if they are inconsistent with the record as a whole. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Dr. Chanh Van Huynh, Tate's treating physician who examined him four times in 1990, reported that Tate claimed he experienced only six seizures in the past year. Tate, his wife, his mother and a family friend all indicated in October 1990 statements that he experienced four seizures in the previous year. At the hearing, Tate contradicted his prior reports by testifying that he experienced an average of two seizures per month.[2] Tate further complained that he suffered from disabling mental problems; however, he refused to participate in psychological treatment on either an inpatient or outpatient basis. Walker v. Shalala, 993 F.2d 630, 631-32 (8th Cir. 1993) (An ALJ may consider the lack of ongoing medical treatment as inconsistent with complaints of a disabling condition.). Furthermore, Tate failed to allege a disabling mental impairment in his application for disability benefits. See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993). We agree with the district court that given the circumstances, including the lack of medical evidence to support Tate's allegations and the lack of treatment sought, the ALJ properly discounted Tate's subjective complaints.
 
 III. CONCLUSION
 
 6
 We conclude that substantial evidence supports the Secretary's decision. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John J. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 In order to meet the requirements under the "Listing of Impairments," daytime epilepsy episodes must occur more frequently than once a month in spite of at least three months of prescribed treatment. 20 C.F.R. Part 404, Subpt. P, Appendix 1, Sec. 11.02. In addition, the ALJ noted that laboratory tests indicated Tate did not have a therapeutic level of anti-convulsive medication in his bloodstream