46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Suzette JONES, also known as Suzette Strickland, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 94-2991.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 10, 1995.
Filed: February 13, 1995.
 
 Before HANSEN, Circuit Judge, GIBSON, Senior Circuit Judge, and WILL,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In February 1991, Suzette Jones applied for disability insurance benefits and supplemental security income, alleging that she had been unable to work since March 26, 1990. After a hearing, an administrative law judge ("ALJ") denied her application. Jones then sought judicial review of the ALJ's decision. See 42 U.S.C. Secs. 405(g) and 1383(c)(3) (1988). The parties filed cross-motions for summary judgment, and the magistrate judge[1] entered judgment in favor of the Secretary. Jones appeals, and we affirm.
 
 
 2
 At the time of the administrative hearing, Jones was forty- eight years old and had the equivalent of a high school education. She had past work experience as a proof machine operator, nurse's aide, bartender, and waitress. Jones testified that her prior job as a proof machine operator at a bank involved running checks through a machine and making sure customers' deposits balanced.
 
 
 3
 The ALJ found that the medical evidence established Jones had the following impairments: "chronic low back pain, an adjustment disorder with mixed emotional features, alcohol dependency in remission and status post cataract surgery." The ALJ found that Jones' subjective complaints of additional debilitating limitations were inconsistent with the medical evidence and not credible. Using the five-step sequential evaluation process established by the Secretary, 20 C.F.R. Secs. 404.1520 and 416.920, the ALJ concluded that Jones had sufficient residual functional capacity, despite her impairments, to perform her past relevant work as a proof machine operator.
 
 
 4
 Over a year after the ALJ's initial decision, a psychiatrist examined Jones and diagnosed her as suffering from severe depression. Jones, who was then 50 years old, filed a subsequent application, and an ALJ determined that she was entitled to benefits commencing June 21, 1993.
 
 
 5
 In this appeal, Jones challenges the denial of benefits between the period of March 26, 1990, and June 21, 1993. Jones argues that the ALJ's initial decision was not supported by substantial evidence. She primarily complains that the ALJ failed to consider the combination of her impairments and the demands of her position as a proof machine operator, including the stress of this job.
 
 
 6
 Judicial review of the denial of benefits is limited to determining whether substantial evidence on the record as a whole supports the Secretary's decision. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Substantial evidence is defined as what a reasonable mind would accept as adequate. Id. We will not reverse a decision simply because substantial evidence may support the opposite conclusion. Id. In determining whether a claimant is able to perform her previous work, the ALJ reviews a claimant's "residual functional capacity and the physical and mental demands of the work [she has] done in the past." 20 C.F.R. Sec. 404.1520(e). "The claimant bears the burden of proving a medically determinable impairment or impairments which prevented h[er] from performing h[er] past relevant work." McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993).
 
 
 7
 The ALJ found that the medical evidence established that Jones had the residual capacity to perform work-related tasks that did not involve heavy strenuous activity, prolonged standing, or repetitive bending, stooping, and lifting. Contrary to Jones' arguments, the ALJ considered her multiple impairments, including her emotional problems,[2] and determined that these limitations did not prevent her from performing her past relevant work.
 
 
 8
 Jones also argues that the ALJ failed to give sufficient weight to the testimony of Dr. Stevenson Flanigan. Although Jones claims that Dr. Flanigan was one of her treating physicians, the record shows that Jones had never visited Dr. Flanigan before the administrative hearing. Moreover, "a physician's conclusory statement of disability without supporting evidence does not overcome substantial medical evidence supporting the Secretary's decision." Loving v. Department of Health & Human Servs., 16 F.3d 967, 971 (8th Cir. 1994).
 
 
 9
 Having reviewed the record, we conclude that there was substantial evidence to support the Secretary's decision to deny benefits to Jones prior to June 21, 1993. Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 [1]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 A mental status evaluation completed in August 1991 reported "mild anxiety and depression that is associated with chronic pain and also due to her current financial situation."