# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3237

_____

John C. Melton,                              *
                                             *
         Appellant,                          *
                                             *   Appeal from the United States
v.                                           *   District Court for the
                                             *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,              *
Social Security Administration,              *
                                             *
         Appellee.                           *


_____

Submitted:  March 11, 1999

Filed:  June 18, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     NANGLE,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     John Melton applied for disability insurance benefits and supplemental security income due to his allegedly disabling leg and back pain, hypertension, high blood pressure, and occasional loss of the use of his left arm.  His application was denied

_____

     [1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

both initially and on reconsideration by the Social Security Administration. After a hearing, an administrative law judge (ALJ) discounted Mr. Melton's subjective complaints of pain, and ruled that Mr. Melton was not disabled within the meaning of the Social Security Act because he retained the residual functional capacity to perform his past relevant work. See 20 C.F.R. § 404.1520(e). The Appeals Council denied Mr. Melton's request for review, after which he filed for judicial relief. A magistrate judge[2] affirmed the administrative decision. Mr. Melton appeals and we affirm.

## I.

Mr. Melton first contends that the ALJ improperly discounted his subjective complaints of pain. We must affirm the decision below if the ALJ's findings are supported by substantial evidence, which is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998). In making this determination, we must take into account whatever detracts from the ALJ's decision, rather than simply searching the record for substantial supporting evidence. Id. at 1207.

An ALJ may not discount subjective complaints of pain merely because they are not fully supported by the medical evidence. See Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995). Instead, such allegations may be discounted only if they are inconsistent with the evidence in the record as a whole. See Jones v. Callahan, 122 F.3d 1148, 1151 (8th Cir. 1997). In addition to the medical evidence, an ALJ is required to assess an applicant's subjective complaints in light of his or her past work record and in light of observations by third parties and by treating and examining physicians relating to the claimant's daily activities; to the duration, frequency and intensity of pain; to any precipitating or aggravating factors; to the dosage,

---

[2]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties. See 28 U.S.C. § 636(c)(1); see also Fed. R. Civ. P. 73(a).

effectiveness, and side effects of any medication; and to any functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Mr. Melton maintains that the ALJ failed to analyze the evidence in light of these considerations, and instead discounted Mr. Melton's subjective complaints only because they were not completely substantiated by the medical evidence. Having reviewed the ALJ's opinion, however, it is clear to us that the ALJ analyzed the evidence in light of all but one of these considerations. The ALJ did fail to consider Mr. Melton's past work record, but this is only one of many considerations upon which the ALJ could have based his decision to discount Mr. Melton's subjective complaints. The inconsistencies upon which the ALJ relied in making this decision were sufficient to meet the burden of substantial evidence.

First, Mr. Melton's subjective complaints were not, in fact, substantiated by the medical evidence. An orthopedic examination revealed normal ranges of motion in his shoulders, wrists, and knees. His medical history, moreover, contained no significant history of pain, only mild problems with hypertension, and no medical evidence of organ damage or dizzy spells caused by hypertension. Mr. Melton's testimony is further undermined by the lack of consistent treatment for his back pain and hypertension, see Walker v. Shalala, 993 F.2d 630, 631-32 (8th Cir. 1993), and the lack of significant restrictions placed on his activities by his doctors, see Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

In addition to the medical evidence, the ALJ considered Mr. Melton's daily activities. Most importantly, the ALJ noted that although Mr. Melton's alleged onset date for disability was 1990, he continued to work part-time until 1994. In addition, the ALJ pointed out that Mr. Melton testified that he did his own grocery shopping, and responded to a questionnaire that his ability to care for his personal needs, cook, pay bills, and drive was not affected by his impairment. Mr. Melton contends that the

questionnaire was misleading, and that he checked the space on the form only because he did not perform those tasks before he became impaired.

We are not certain that Mr. Melton offered this explanation of his response to the ALJ. Even if he did, the relevant form does not ask whether an applicant was actually performing fewer of these tasks, it asks whether his or her ability to perform them was affected. The inference that the ALJ drew from Mr. Melton's response was therefore not an unreasonable one, and it provided evidence that undermined Mr. Melton's subjective complaints. In other words, even if Mr. Melton made this argument at the administrative hearing, the ALJ was not obligated to accept his explanation for why he completed the form as he did.

The ALJ also considered, correctly we believe, the fact that Mr. Melton's prescription medicine was somewhat successful in controlling his hypertension and high blood pressure. After changing Mr. Melton's medication and dosage several times, Mr. Melton's doctor finally reported that, although he would like Mr. Melton's blood pressure to come down some more, it had been stabilized by the medication without causing Mr. Melton any side effects.

We believe that these facts amount to substantial evidence in support of the ALJ's decision to discount Mr. Melton's subjective complaints of pain. We therefore reject Mr. Melton's arguments in this respect.

## II.

Mr. Melton maintains further that the ALJ erred in deciding that Mr. Melton retained the residual functional capacity to perform his past relevant work. We believe that this finding is also supported by substantial evidence.

First, although the alleged onset date of Mr. Melton's disability was 1990, he continued to drive a tractor part-time well into 1994. Although he reported working

only an average of two days a week, and stated that he had a lenient employer who knew his limitations, Mr. Melton often worked ten-hour days on the tractor over a period of more than three years, frequently lifting fifty pounds or more and lifting as much as one hundred pounds.

Tractor driving is characterized as medium or heavy work, see Dictionary of Occupational Titles (DOT) § 929.683-014, § 409.683-010 (4th ed. rev. 1991), and work that involves lifting the weights mentioned is classified as heavy work, see 20 C.F.R. § 404.1567(d). Mr. Melton's past relevant work as an oil pumper is classified as light work, see DOT § 914.382-010, § 914.382-022, and his past relevant work as a truck driver is classified as medium work, see DOT § 904.383-010. Mr. Melton therefore performed part-time work equal to or above the level of his past relevant work for more than three years after the alleged onset date of his disability. We believe that these facts alone satisfy the standard of substantial evidence, even in light of evidence in the record tending to establish Mr. Melton's limitations with respect to lifting, standing or sitting for long periods, and performing other job-related tasks.

There is also evidence in the record that Mr. Melton continued to search for work after 1994. He testified at the hearing that he had been searching for a job, but had not been successful because "at 59 [years old], nobody wants to hire you anyway." Mr. Melton's job search undermines his claim that he was unable to work, as the magistrate judge pointed out.

We believe that this evidence, when combined with the evidence concerning Mr. Melton's medical history and daily activities that was discussed in relation to his subjective complaints, is more than sufficient to provide substantial evidence for the ALJ's holding.

### III.

For the reasons stated, we affirm the decision below.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.