# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2530

_____

Judith Douglas,                                    *
                                                   *
            Appellant,                             *    Appeal from the United States
                                                   *    District Court for the
      v.                                           *    District of South Dakota.
                                                   *
Jo Anne B. Barnhart, Commissioner of               *    [UNPUBLISHED]
Social Security,                                   *
                                                   *
            Appellee.                              *

_____

Submitted: March 4, 2005
Filed: March 16, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Judith Douglas appeals the district court's[1] order affirming the denial of disability insurance benefits. In her May 2001 application and subsequent documents, Douglas alleged disability since April 2000 from depression and from limitations following two back surgeries. In January 2003 an administrative law judge (ALJ) determined that (1) Douglas had engaged in substantial gainful activity (SGA) as a customer-service representative from November 27, 2001, to November

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

1, 2002; (2) her depression, anxiety, and chronic back pain were severe, but not of listing-level severity alone or combined; (3) her subjective complaints were not entirely credible; (4) she retained the residual functional capacity (RFC) to perform sedentary and light work with certain mental limitations[2]; (5) she could perform her past relevant work as a customer-service representative, a skilled sedentary job; and (6) based on transferrable skills and the Medical-Vocational Rules, she also could perform other jobs, including unskilled sedentary work as an addresser.[3] The Appeals Council denied review, finding new evidence Douglas offered after the ALJ's decision not material, and the district court affirmed. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review).

Douglas does not dispute that her part-time work from November 2001 to November 2002 constituted SGA. See 20 C.F.R. 404.1574 (2004). Nevertheless, she argues that the ALJ erred by ignoring her written request to consider that work as an allowable trial-work period of nine months under 20 C.F.R. § 404.1592 (2004), followed by a reentitlement period under 20 C.F.R. § 404.1592a (2004). Douglas's argument as to her eligibility for a trial-work period is foreclosed by Barnhart v. Walton, 535 U.S. 212, 222-25 (2002); and because she was ineligible for a trial-work period, she necessarily was ineligible for a reentitlement period, see 20 C.F.R. § 404.1592a(c)(2) (2004).

We also reject Douglas's challenges to the ALJ's credibility findings. In finding Douglas's subjective complaints not entirely credible, the ALJ listed the requisite credibility factors announced in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and articulated multiple valid reasons for discrediting Douglas.

---

[2]Douglas's mental RFC is not at issue on appeal.

[3]At a hearing, a vocational expert classified Douglas's past jobs, identified her transferrable skills, and testified that pursuant to the ALJ's RFC findings, Douglas could perform her past customer-service job, and also could work as an addresser.

Contrary to Douglas's assertion on appeal, there is precedent in this circuit for considering part-time work, and the type of daily activities Douglas reported, as reasons for discounting allegations of disabling pain. See Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004) (part-time work); Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999) (same); Hutton v. Apfel, 175 F.3d 651, 654-55 (8th Cir. 1999) (daily activities). Douglas takes issue with the ALJ's reliance on a 2002 functional-capacity-evaluation report, but evidence from other sources such as physical therapists may be used to show the severity of impairments and how they affect a claimant's ability to work, see 20 C.F.R. § 404.1513(d) (2004); and further, the report was based on extensive objective tests and was reviewed by pain specialist Steven Frost, who for the most part agreed with it. Douglas also argues that the ALJ improperly relied on the lack of objective medical evidence. The record before the ALJ showed Douglas underwent multiple invasive pain-control procedures, and records submitted to the Appeals Council--showing additional surgical procedures in December 2002 and February 2003--could provide an objective medical basis for Douglas's persistent reports of back pain. Based on the record as a whole, however, we cannot say that this material requires the conclusion that Douglas's pain was disabling during the relevant period, especially because Douglas engaged in SGA, even though only part-time, for almost a year from November 2001 to November 2002. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (even if inconsistent conclusions may be drawn from evidence, agency's decision will be upheld if it is supported by substantial evidence on record as whole; deference to ALJ's credibility determination is warranted if the determination is supported by good reasons and substantial evidence).

Douglas's challenges to the ALJ's physical RFC findings also fail. We disagree with her suggestion that pain specialist Steven Frost unequivocally opined that she was unable to work full-time. Dr. Frost based his opinion, in part, on how Douglas "related to pain," and further stated that he found it difficult to correlate the physical findings with Douglas's mental perception of her pain, and that he believed

Douglas was not malingering, but he thought she was overstating her symptoms. Also, although Dr. Frost assessed low back pain on palpation and exacerbation of pain with straight leg raises around the time he made his statements about part-time work, it appears his findings were based on Douglas's reports. The ALJ thus did not err in discounting Dr. Frost's opinion. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (it is ALJ's function to resolve conflicts among opinions of various treating and examining physicians; ALJ may reject conclusions of any medical expert if they are inconsistent with record as whole). We agree with Douglas that rehabilitation specialist Mark Simonson's opinion about the need for a sit-stand option is entitled to deference, as it was supported by his review of a 2001 functional-capacity-evaluation report, and by the opinions of two other specialists. See Ellis v. Barnhart, 392 F.3d 988, 995 (8th Cir. 2005) (treating physician's opinion is due controlling weight if it is well supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in record). Nevertheless, the ALJ's failure to include such an option in his RFC findings is not a basis for reversal: the ALJ found Douglas capable of performing her past relevant work as a customer-service representative, and this was work that Douglas herself described as including a sit-stand option. See Moad v. Massanari, 260 F.3d 887, 891 (8th Cir. 2001) (claimant was not disabled if she could perform actual functional demands and duties of specific past relevant job). And because the ALJ found Douglas capable of performing her past relevant work, the burden never shifted to the Commissioner to identify other jobs Douglas could perform. See Banks v. Massanari, 258 F.3d 820, 827 (8th Cir. 2001).

Accordingly, we affirm.

_____